PEOPLE *ex rel.* STATE COMMISSIONERS IN LUNACY *v.* SUPERINTENDENTS OF THE POOR OF QUEENS COUNTY.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

REMOVAL OF LUNATICS—PREPAYMENT OF EXPENSES.

Laws 1890, c. 126, having provided that the expense of removing insane paupers to asylums beyond the limits of their districts shall be paid by the treasurer of the state when the bills therefor have been approved by the state commission in lunacy, the superintendents of the poor cannot refuse to remove such insane paupers to the asylum, on the ground that funds have not been furnished them in advance for the payment of such expenses.

Appeal from special term, Queens county.

*Mandamus* on the relation of the state commissioners in lunacy to compel the superintendents of the poor of Queens county to remove certain insane paupers to the asylum. A peremptory *mandamus* was awarded, and defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Benjamin W. Downing*, for appellants. *S. W. Rosendale*, Atty. Gen., for respondent.

DYKMAN, J. This is an appeal by the defendants from an order of the special term directing the issuance of a peremptory writ of *mandamus* requiring them to remove to the Hudson River State Hospital, at Poughkeepsie, 59 insane male patients then in their custody as superintendents of the poor of Queens county. In pursuance of the provisions of chapter 126 of the Laws of 1890, under which this proceeding was instituted, the relators made an order for the transfer of these insane patients to the Hudson River State Hospital, at Poughkeepsie, which is in a district adjoining that in which the county of Queens is located. Section 3 of the act, to which reference has been made, directs the state commissioners in lunacy to ascertain, from time to time, what vacancies exist in the state hospitals, and requires them to cause the removal to such hospitals of as many of the pauper insane patients in the several counties of the state as can be accommodated therein, and that section justifies the order made by the commissioners. The superintendents of the poor refused to obey the order so made, and thereupon the commissioners made application for the writ of *mandamus* already mentioned.

The salutary and beneficent purposes of the statute under which the relators have acted must not be defeated by unreasonable excuses. The technical objections to the proceedings of the relators which led up to the order for the transfer of the 59 patients are entirely destitute of foundation. The requirements of the law received full compliance, and the order was justified by its provisions. In relation to the expenses, the statute reads thus: "The expenses of the transfer of said pauper patients to said asylums, beyond the

limits of the district where the patient is regularly to be cared for, shall be chargeable to the state, and the bills for the same, when approved by the state commission in lunacy, shall be paid by the treasurer of the state on the warrant of the comptroller, out of any moneys appropriated to carry out the provisions of this act." Section 9. These defendants were, therefore, under obligation to discharge the duties imposed upon them by the statute, and present their bill for expenses incident to such performance to the proper board for audit and allowance, and then the fund was designated for their payment. But few public officers are provided in advance with money to pay the expenses incident to the performance of their official duties, and yet the absence of such funds has never been pleaded or admitted as an excuse for a failure in the discharge of public functions. The defendants have failed to furnish any excuse for their disobedience of the requirement of the relators, and the order for the peremptory writ should be affirmed, with costs.